# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cr-00073-CAS -1 | Date | May 18, 2018 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | (Spanish) – Not Present | | |

| Catherine Jeang | Not Present | Benedetto Balding, Not Present/ Catharine Richmond, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Adolfo Aguilar-Ballesteros | Not | X | | Michael Grain | | | X |

**Proceedings:**    **(IN CHAMBERS) - SUPPLEMENT TO THE JUDGMENT AND COMMITMENT ORDER**

    The Court held oral argument on May 17 and 18, 2018. Having reviewed the presentence report, the addendum thereto, the government's position regarding sentencing, defendant's position, the government's response, and the government's in camera submission of witness interviews compiled by the Department of Homeland Security, as well as the oral argument of the parties, the Court concludes that the government has failed to establish by a preponderance of the evidence that a plus three enhancement under U.S.S.G. § 3B1.1 is appropriate with regard to defendant's offense level. While the Court has been unable to find a case directly on point, it appears that the government in seeking this enhancement must prove by a preponderance of the evidence that defendant was a "manager" or "supervisor" in the offenses charged. See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir. 1990) (citing United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990) (circumstances justifying upward departure must be proven by preponderance of the evidence)).

    Likewise, a defendant seeking to avail himself of the safety valve has a similar burden. See United States v. Mejia-Pimental, 477 F.3d 1100, 1104 (9th Cir. 2007) ("the defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence.") Here, the Court believes that defendant has proved by a preponderance of evidence that defendant is not a manager or supervisor for purposes of § 3B1.1, and that defendant is therefore eligible for the safety valve pursuant to 18 U.S.C. § 3553(f). This conclusion is based on the following findings after considering the seven factors set forth in the commentary to § 3B1.1:

    In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling.

Factors the court should consider include [1] the exercise of decision making authority, [2] the nature of participation in the commission of the offense, [3] the recruitment of accomplices, [4] the claimed right to a larger share of the fruits of the crime, [5] the degree of participation in planning or organizing the offense, [6] the nature and scope of the illegal activity, and [7] the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.

In applying these factors, the relevant inquiry focuses on "all aspects of relevant conduct and not merely the defendant's role in the counts of conviction." United States v. Rose, 20 F.3d 367, 373 (9th Cir. 1994).

With respect to the seven factors, the record reveals that an unidentified co-conspirator acted as the manager-supervisor and recruited defendant. Although defendant did recruit family members to participate in the offloading of marijuana, the record does not support a conclusion that defendant paid for, or was involved in, acquiring the marijuana at issue in this case. Cf. United States v. Simpson, 76 F.3d 390 (9th Cir. 1995) (affirming district court's factual finding that defendant was a "manager or supervisor" because he had an established drug network, contributed $8,000 towards purchase of methamphetamine, and distributed drugs); United States v. Schubert, 957 F.2d 694, 696 (9th Cir. 1992) (finding enhancement appropriate where defendant provided a substantial sum of money to purchase drugs). Further, the record does not support that defendant was to receive any portion of the profits from the sale of drugs. Rather, the record demonstrates that defendant was to receive a flat fee of $2500 for his participation. Cf. United States v. Pacheco-Duarte, 63 F. App'x 327, 329 (9th Cir. 2003) (affirming district court's finding that defendant was a "manager or supervisor" because individuals managed a marijuana stash house for defendant and defendant received "large sums" of money up to $800,000 in unexplained income over the years). The record also demonstrates that defendant did not have any role in arranging for the transportation of drugs on the panga boat, and in fact awaited instructions from the unidentified co-conspirator before proceeding with family members to off-load the boat. Cf. United States v Avila, 905 F.2d 295, 299 (9th Cir. 1990) (finding enhancement appropriate where defendant coordinated procurement and distribution of drugs). Accordingly, the Court finds that defendant was not a manager or supervisor for purposes of § 3B1.1. See United States v. Scholz, 907 F. Supp. 329, 334 (D. Nev. 1995), aff'd, 91 F.3d 157 (9th Cir. 1996) (finding that a defendant was not a manager or organizer for purposes of the guidelines because the overall scheme demonstrated he did not have a position of much authority, despite exercising some authority over his brother and wife in a marijuana-growing operation).

In light of the fact that the Court believes the safety valve is appropriate, defendant's total offense level is 25 and criminal history is I.  Accordingly, the advisory range is therefore 57 to 71 months.  The Court concludes that 71 months in custody is appropriate.  The Court imposes a sentence at the high end of this range because, despite the fact that defendant is not a manager or organizer, he played a substantial role in the conspiracy which is the subject of this case.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |